### No. 28,470.

C. E. BEYMER, *Appellee*, v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *Appellant*.

(276 Pac. 833.)

Opinion filed May 4, 1929.

*C. A. Matson, I. H. Stearns, E. P. Villepigue,* all of Wichita, and *Lester Luther,* of Cimarron, for the appellant.

*C. E. Beymer, E. R. Thorpe,* both of Lakin, *C. E. Vance* and *A. M. Fleming,* both of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a hail insurance policy covering a growing crop. The verdict and judgment were

for plaintiff, and defendant appeals. The assignments of error which are stressed are that the court erred in its ruling respecting admission of evidence, that the evidence was insufficient to establish the making of proof of loss, and that a new trial was denied.

The petition pleaded the policy, the loss, notice of loss, proof of loss, and nonpayment by the company. The answer was a general denial. The policy contained a provision that the company should not be liable for damage by hail if the crop were otherwise injured to such an extent it was not worth harvesting. In the opening statement to the jury defendant said it had two defenses: First, that the crop dried up, and without the hailstorm would not have paid harvesting expenses; and second, that plaintiff suffered no hail loss if there was a crop to be injured.

On cross-examination of plaintiff, defendant asked a question leading up to the first defense stated to the jury. Objection was made on the ground the defense was not pleaded. The objection was good, but the court sustained it on another ground. The court held the provision of the policy on which the defense was based was void. Conceding, but not deciding, the reason which the court gave for its ruling was unsound, the ruling was correct.

When defendant reached its side of the case, it made an offer of evidence to sustain the first defense stated to the jury. Objection was made that the evidence was not pertinent to any issue made by the pleadings, and the objection was sustained. It is not now material whether the objection was properly sustained. The offered evidence was not produced at the hearing on the motion for new trial. Defendant's attorney made an affidavit stating what the testimony of his witnesses would have been, but that did not satisfy the requirements of the statute. (R. S. 60-3004.)

Plaintiff testified positively he sent proofs of loss as required by the policy. Afterward he said his opinion was he sent proofs of loss. When pressed to answer whether he knew he sent proofs of loss, he said: "Well, my recollection is that I did; I hate to say positively." The evidence was sufficient *prima facie* to show proof of loss was furnished, and defendant closed its case without offering any evidence that proof of loss had not been received.

The motion for new trial was properly denied, and the judgment of the district court is affirmed.